FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 7 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01341-BNB

SACHCHIT KUMAR PANDEY,

     Plaintiff,

v.

ROBERT HOMER RUSSELL II, in his personal capacity, and
JUSTIN MARK HANNEN, in his personal capacity,

     Defendants.

## ORDER OF DISMISSAL

On May 20, 2011, Plaintiff, Sachchit Kumar Pandey, a resident of Denver,
Colorado, submitted *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28
U.S.C. § 1915, and a "Verified Complaint."

On May 25, 2011, Magistrate Judge Boyd N. Boland directed Mr. Pandey to cure
certain deficiencies in this action. Specifically, he directed Mr. Pandey to submit an
amended complaint on the proper, Court-approved form.

On June 20, 2011, Mr. Pandey submitted an amended complaint. On June 22,
2011, the Court granted Mr. Pandey leave to proceed *in forma pauperis* pursuant to
§ 1915.

The Court must construe liberally the June 20 amended complaint because Mr.
Pandey is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519,
520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended
complaint reasonably can be read "to state a valid claim on which the plaintiff could

prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Pandey asserts claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1357, 28 U.S.C. § 1359, 4 U.S.C. § 101, 4 U.S.C. § 102, 28 U.S.C. § 1366, 28 U.S.C. § 1361, 28 U.S.C. § 1391 and 28 U.S.C. § 1411. Mr. Pandey appears to be challenging the validity of the divorce decree entered in Arapahoe County, Colorado, District Court Case No. 06DR046. He asserts that on August 1, 2007, Defendant Judge Robert Homer Russell II signed an order requiring Mr. Pandey to pay child support of over twelve hundred dollars per month. Amended Complaint at 8. Mr. Pandey also asserts that he has been denied the right to see his son since August 1, 2007, and that his bank accounts were "raided, pillaged, [and] robbed" due to the order entered by Defendant Judge Russell. *Id.* Mr. Pandey further alleges that on July 4, 2009, he was arrested and brought before Defendant Judge Russell as a result of his failure to pay child support. *Id.* Mr. Pandey asserts that Defendant Judge Justin Mark Hannen ordered him incarcerated in the Arapahoe County Detention Facility for 179 days for his failure to pay child support. *Id.* at 9-10.

Mr. Pandey primarily argues that the actions of these state court judges were unconstitutional because the judges "did not have a wet-ink signature OATH OF OFFICE with the Secretary of State per the requirements of Colorado Constitution Article XII §9, Schedule §6 and Supreme Court of Colorado Chief Justice Directive 85-

2

25." *Id.* As relief, Mr. Pandey asks the Court for injunctive relief, i.e., to vacate all orders entered by the state court judges, and for money damages.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the June 20 amended complaint filed in this action and finds that the Court lacks subject matter jurisdiction.

Mr. Pandey may not challenge his divorce decree or child support and custody orders in this Court. This is because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally

3

"barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Pandey appears to be challenging his state court divorce decree and child support order. Review of his claims would require the Court to review the state court judgment. Therefore, the Court finds that the amended complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

4

In addition, the state court divorce action involves important state interests. The Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)). Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders. *Ankenbrandt*, 504 U.S. at 703.

Finally, Defendant Judges Russell and Hannen are also absolutely immune from liability in civil rights suits when they are acting in their judicial capacity, unless they act in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judges' involvement in Mr. Pandey's divorce and child custody proceeding are actions taken in their judicial capacity, and there is no indication that these state court judges were acting in the clear absence of all jurisdiction. Further, Mr. Pandey's conclusory assertion that these judges do not have properly signed oaths of office is not sufficient to overcome their judicial immunity. *See, e.g., Van Skiver v. Hill*, 1997 WL 4711725, at *2 (July 30, 1997) (unpublished opinion) (noting that bare claim of improper oath of office is insufficient to defeat judicial immunity). Therefore, the claims Mr. Pandey asserts against Judges Russell and Hannen are also barred by absolute judicial immunity. Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without

prejudice for lack of subject matter jurisdiction.

DATED at Denver, Colorado, this __27th__ day of ___June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 11-cv-01341-BNB

Sachchit Kumar Pandey
3800 Buchtel Blvd #100661
Denver, CO 80250

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 27, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk