F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 3 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01341-LTB

SACHCHIT KUMAR PANDEY,

        Plaintiff,

v.

ROBERT HOMER RUSSELL II, in his personal capacity, and
JUSTIN MARK HANNEN, in his personal capacity,

        Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Sachchit Kumar Pandey, a resident of Denver, filed a *pro se* motion

titled, "Motion to Reconsider the Order of Dismissal Dated June 27th, 2011," on July 6,

2011. The Court must construe the Motion to Reconsider liberally because Mr. Pandey

is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion to Reconsider will be

denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). Mr. Pandey filed the Motion to Reconsider within twenty-eight days

after the Order of Dismissal and the Judgment were entered in the instant action. The

Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). **See** Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Pandey fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Pandey initiated this action by filing, **pro se**, a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, and a "Verified Complaint" on May 29, 2011. Pursuant to Magistrate Judge Boyd N. Boland's Order to Cure Deficiencies, Mr. Pandey filed an Amended Complaint on June 20, 2011. He was granted leave to proceed **in forma pauperis** on June 22, 2011.

In the Amended Complaint, Mr. Pandey asserted claims challenging the validity of a divorce decree entered in the Arapahoe County, Colorado, district court Case No. 06DR046. He alleged that actions taken by the Defendant state court judges, including child support and contempt orders, were unconstitutional because the judges "did not have a wet-ink signature OATH OF OFFICE with the Secretary of State per the requirements of Colorado Constitution Article XII §9, Schedule §6 and Supreme Court of Colorado Chief Justice Directive 85-25." Amended Complaint at 10.

On June 27, 2011, the Court entered an order dismissing the case. The Court noted that the **Rooker-Feldman** doctrine provides that federal courts, other than the

2

United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  In addition, the Court informed Mr. Pandey that the Defendant state court judges were absolutely immune from liability in civil rights suits when they were acting in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Finally, the Court found that Mr. Pandey's conclusory assertion that these judges did not have properly signed oaths of office was not sufficient to overcome their judicial immunity.  *See, e.g., Van Skiver v. Hill*, 1997 WL 471725, at *2 (D. Kan. July 30, 1997) (unpublished opinion) (noting that bare claim of improper oath of office is insufficient to defeat judicial immunity). Therefore, the case was for lack of subject matter jurisdiction.  Judgment entered on June 27, 2011.

In the Motion to Reconsider, Mr. Pandey fails to demonstrate an intervening change in the controlling law; the availability of new evidence; or the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Instead, he reiterates the same allegations presented in his Amended Complaint; namely, that the Defendant state court judges lacked jurisdiction to preside over his divorce case, and the resulting child support and contempt proceedings, because the judges lacked valid oaths of office, and were not "properly qualified" district judges. Motion at 2.  However, the Court has already considered these arguments in the June

3

27 Order of Dismissal, and determined that they are without merit.  Accordingly, Mr.

Pandey has not asserted any of the major grounds that would justify reconsideration in

his case, and the Motion to Reconsider will be denied.  *See Servants of the Paraclete*,

204 F.3d at 1012.

      ORDERED that the "Motion to Reconsider the Order of Dismissal Dated June

27th, 2011," filed on July 6, 2011, is denied.

      DATED at Denver, Colorado, this  13th  day of  July , 2011.

BY THE COURT:

                             s/Lewis T. Babcock
                             LEWIS T. BABCOCK, Senior Judge
                             United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01341-BNB

Sachchit Kumar Pandey
3800 Buchtel Blvd #100661
Denver, CO 80250

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on July 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk